**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| INTERSTATE PATENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WASTE CONNECTIONS, INC., WASTE CONNECTIONS US, INC. and WASTE CONNECTIONS LONE STAR, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 9:26-cv-277<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Interstate Patents, LLC ("Interstate Patents" or "Plaintiff") files this original complaint against Defendants Waste Connections, Inc., Waste Connections US, Inc. and Waste Connections Lone Star, Inc. (collectively "Waste Connections" or "Defendants"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.      This action concerns Waste Connections' infringement of the following United States Patents (the "Asserted Patents"):

| U.S. Patent No. | Title |
|---|---|
| 8,098,277 | Systems and Methods for Communication Between a Reactive Video System and a Mobile Communication Device |
| RE44,797 | Apparatus, Method and Computer Program Product Providing User Equipment Operation by Considering Scheduling Information With Regard to the Use of Relative Grants |

| 8,686,844 | Methods, Devices, and Mediums Associated with Risk Management of Vehicle Operation |
| 7,639,943 | Computer-Implemented System and Method for Automated Image Uploading and Sharing From Camera-Enabled Mobile Devices |
| 7,460,737 | Method and Apparatus for Photograph Finding |
| 7,388,848 | Method and Apparatus for Transport Format Signaling With HARQ |

**PARTIES**

2. Interstate Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 1909 Lohman Ford Road, Lago Vista, TX 78645.

3. Waste Connections, Inc. is a corporation duly organized and existing under the laws of Ontario, Canada.  Waste Connections, Inc. has principal executive offices at 6220 Highway 7, Suite 600, Woodbridge, Ontario L4H 4G3, Canada.  Waste Connections, Inc. may be served by registered or certified mail, return receipt requested, at its principal administrative offices located at 3 Waterway Square Place, Suite 110, The Woodlands, Texas 77380.

4. Waste Connections US, Inc. is a corporation duly organized and existing under the laws of Delaware.  Waste Connections US, Inc. may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Waste Connections Lone Star, Inc. is a corporation duly organized and existing under the laws of Texas.  Waste Connections Lone Star, Inc. may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      The Defendants identified in paragraphs 3-5 above are part of an interrelated group of companies which together comprise one of the largest solid waste services companies in North America.  Waste Connections describes itself as "the third largest solid waste services company in North America, providing non-hazardous waste collection, transfer, and disposal services."[1]  It further describes itself as "[t]he premier provider of solid waste collection, transfer, recycling and disposal services."[2]

7.      The Waste Connections defendants named above and their affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular.

8.      The Waste Connections defendants named above and their affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

9.      The Waste Connections defendants named above and their affiliates regularly contract with customers regarding products made for or on behalf of those customers.

10.     Thus, the Waste Connections defendants named above and their affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

11.     The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against Defendants jointly and severally arises out of the same series of

---

[1] *See* 2024 Annual Report, https://s21.q4cdn.com/540990023/files/doc_financials/2024/ar/new-interactive-annual-report/pdf/waste_connections_2024_ar.pdf

[2] *See* https://www.wasteconnections.com/company/about-us

transactions or occurrences relating to the making and using of the same products or processes, including trucking and logistics technologies and related processes bearing at least the Waste Connections brand or that are otherwise made for use with services provided by Waste Connections.  Additionally, questions of fact common to all defendants will arise in this action.

## JURISDICTION AND VENUE

12.     This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

13.     This Court has personal jurisdiction over Waste Connections pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Waste Connections has done and continues to do business in Texas; and (ii) Waste Connections has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein; and (iii) Waste Connections US, Inc. and Waste Connections Lone Star, Inc. are registered to do business in Texas.  In addition, or in the alternative, this Court has personal jurisdiction over Waste Connections, Inc. pursuant to Fed. R. Civ. P. 4(k)(2) because it has substantial contacts with the United States and committed and/or induced acts of patent infringement in the United States.

14.     Venue is proper in this district as to Waste Connections, Inc., which is organized under the laws of a foreign jurisdiction. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a

4

defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *See also In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

15.    Venue is proper in this district as to Waste Connections pursuant to 28 U.S.C. § 1400(b).  Venue is further proper because Waste Connections has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in this district, and/or committing at least a portion of any other infringements alleged herein in this district, including directing and/or controlling the performance of at least one step of each exemplary method claim in this district.  Waste Connections also has regular and established places of business in this district, including at least at 812 Anderson County Road 367, Palestine, Texas 75801 and 2138 S Airport Drive, McKinney, Texas 75069.





Source: https://www.google.com/maps/

16.    Waste Connections employs or otherwise controls individuals that work from these places of business in this district, and Waste Connections' business specifically depends on such persons being physically present at such places to, for example, support Waste Connections' customers.

## THE ACCUSED PRODUCTS

17.    Waste Connections owns, operates, advertises, and/or controls products and services that include and/or use systems and/or methods provided by Lytx, Inc. and/or its agents ("Lytx").  *See* Exhibit A.

18.    Waste Connections extensively promotes its implementations of Lytx products and solutions.  For example, Waste Connections and its leaders advertise its use of Lytx products.  Its Corporate Safety and Risk Manager stated: "Reputation is very important to our

6

business . . . When we talk about exoneration, we're talking about protecting our drivers and if it's a customer or a collision, it's just an amazing return on an investment. Lytx ABSOLUTELY helps us to reduce costs. Lytx always finds a way to add just a little more magic in everything they do." *Id.*

19. Waste Connections uses, causes to be used (including by contracting with Lytx to perform specified tasks on its behalf), sells, offers for sale, provides, supplies, and/or distributes fleet management and tracking solutions and similar products utilizing systems and/or methods provided by Lytx, including, but not limited to, the Lytx Fleet Dashcam & Driver Safety, Lytx DriveCam Event Recorder, Lytx Driver Safety Program, also known as Lytx Proactive Fleet Safety Solutions, Lytx All-in-One Fleet Management, Lytx DriveCam Safety Program, other substantially similar products and services offered in the past or the future, and all prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products"). *See* Exhibit A; *see also* Exhibits 1-6.

20. Using the Accused Products, Waste Connections tracks, analyzes, and reports vehicle locations, vehicle maintenance needs, and driver behavior associated with its fleet vehicles, receives and manages real-time alerts for vehicle and driver events, monitors and coaches driver safety through integrated dashcam video, and allows for communication between fleet managers and remote in-vehicle units—including, for example, advisory notifications and diagnostic data transmissions. *See* Exhibit A.

21. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,098,277**

22.     On January 17, 2012, United States Patent No. 8,098,277 ("the '277 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Systems and Methods for Communication Between a Reactive Video System and a Mobile Communication Device."

23.     Interstate Patents is the owner of the '277 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '277 Patent against infringers, and to collect damages for all relevant times.

24.     Waste Connections made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Lytx DriveCam Safety Program or Lytx Driver Safety Program products that infringe the '277 Patent.

25.     By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 14 of the '277 Patent. *See* Exhibit 1.  Waste Connections' infringement in this regard is ongoing.

26.     Waste Connections' Lytx Fleet Dashcam & Driver Safety is an exemplary accused product.

27.     Waste Connections directly infringes the '277 Patent when, for example, it and/or its agents used the accused products, including during testing of the accused products.  Waste Connections also directly infringed the '277 Patent when the accused products were used after purchase by a customer or end user.  For example, the accused products were built with hardware and/or software components that control the operation of the accused products.  These components caused the accused products to perform the steps of the claimed invention after, for example, identifying individualized content.  Waste Connections also directly infringed the '277

Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracted with, advised, and/or encouraged such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved reactive video system, receiving video data) from doing so.  Waste Connections conditioned these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., identifying individualized content).

28.    Waste Connections has had knowledge of the '277 Patent at least as of the date when it was notified of the filing of this action.

29.    Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30.    Interstate Patents has neither made nor sold unmarked articles that practice the '277 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '277 Patent.

<u>COUNT II</u>
<u>DIRECT INFRINGEMENT OF U.S. REISSUED PATENT NO. RE44,797</u>

31.    On March 11, 2014, United States Reissued Patent No. RE44,797 ("the '797 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Apparatus, Method and Computer Program Product Providing User

Equipment Operation by Considering Scheduling Information With Regard to the Use of Relative Grants."

32.    Interstate Patents is the owner of the '797 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '797 Patent against infringers, and to collect damages for all relevant times.

33.    Waste Connections made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Lytx DriveCam Safety Program or Lytx Driver Safety Program products.

34.    By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 53 of the '797 Patent.  *See* Exhibit 2.  Waste Connections' infringement in this regard is ongoing.

35.    Waste Connections' Lytx DriveCam Event Recorder is an exemplary accused product.

36.    Waste Connections directly infringes the '797 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.   Waste Connections also directly infringes the '797 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving a transmitted message.  Waste Connections also directly infringes the '797 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracts with, advises,

10

and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  Waste Connections conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving a transmitted message).

37.    Waste Connections has had knowledge of the '797 Patent at least as of the date when it was notified of the filing of this action.

38.    Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39.    Interstate Patents has neither made nor sold unmarked articles that practice the '797 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '797 Patent.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,686,844

40.    On April 1, 2014, United States Patent No. 8,686,844 ("the '844 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Methods, Devices, and Mediums Associated with Risk Management of Vehicle Operation."

41.    Interstate Patents is the owner of the '844 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '844 Patent against infringers, and to collect damages for all relevant times.

42.     Waste Connections made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Lytx DriveCam Safety Program or Lytx Driver Safety Program products that infringe the '844 Patent.

43.     By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '844 Patent.  *See* Exhibit 3.  Waste Connections' infringement in this regard is ongoing.

44.     Waste Connections' Lytx Proactive Fleet Safety Solutions product is an exemplary accused product.

45.     Waste Connections directly infringes the '844 Patent when, for example, it and/or its agents used the accused products, including during testing of the accused products.  Waste Connections also directly infringed the '844 Patent when the accused products were used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, determining a safety rating of the vehicle operation.  Waste Connections also directly infringed the '844 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracted with, advised, and/or encouraged such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved risk management system, receiving operating conditions) from doing so.  Waste Connections conditioned these benefits on, for example, such persons performing certain activities involving

the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., determining a safety rating of the vehicle operation).

46.    Waste Connections has had knowledge of the '844 Patent at least as of the date when it was notified of the filing of this action.

47.    Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48.    Interstate Patents has neither made nor sold unmarked articles that practice the '844 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '844 Patent.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,639,943

49.    On December 29, 2009, United States Patent No. 7,639,943 ("the '943 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Computer-Implemented System and Method for Automated Image Uploading and Sharing From Camera-Enabled Mobile Devices."

50.    Interstate Patents is the owner of the '943 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '943 Patent against infringers, and to collect damages for all relevant times.

51.    Waste Connections made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Lytx DriveCam Safety Program or Lytx Driver Safety Program products that infringe the '943 Patent.

52.    By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '943 Patent.  *See* Exhibit 4.  Waste Connections' infringement in this regard is ongoing.

53.    Waste Connections' Lytx Proactive Fleet Safety Solutions is an exemplary accused product.

54.    Waste Connections directly infringes the '943 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  Waste Connections also directly infringes the '943 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving a plurality of images.  Waste Connections also directly infringes the '943 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved processing of images without user action) from doing so.  Waste Connections conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving a plurality of images).

55.    Waste Connections has had knowledge of the '943 Patent at least as of the date when it was notified of the filing of this action.

56.     Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57.     Interstate Patents has neither made nor sold unmarked articles that practice the '943 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '943 Patent.

**COUNT V**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,460,737**

58.     On December 2, 2008, United States Patent No. 7,460,737 ("the '737 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Photograph Finding."

59.     Interstate Patents is the owner of the '737 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '737 Patent against infringers, and to collect damages for all relevant times.

60.     Waste Connections used products and/or systems including, for example, Lytx DriveCam Safety Program or Lytx Driver Safety Program products that infringe the '737 Patent.

61.     By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '737 Patent.  *See* Exhibit 5.  Waste Connections' infringement in this regard is ongoing.

62.     Waste Connections' Lytx Proactive Fleet Safety Solutions product is an exemplary accused product.

63.     Waste Connections directly infringes the '737 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  Waste

Connections also directly infringes the '737 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving requests to search digital image data.  Waste Connections also directly infringes the '737 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved distribution of image data) from doing so.  Waste Connections conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., receiving requests to search digital image data).

64.     Waste Connections has had knowledge of the '737 Patent at least as of the date when it was notified of the filing of this action.

65.     Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

66.     Interstate Patents has neither made nor sold unmarked articles that practice the '737 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '737 Patent.

## COUNT VI
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,388,848

67.     On June 17, 2008, United States Patent No. 7,388,848 ("the '848 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Transport Format Signaling With HARQ."

68.     Interstate Patents is the owner of the '848 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '848 Patent against infringers, and to collect damages for all relevant times.

69.     Waste Connections used products and/or systems including, for example, its Lytx DriveCam Safety Program or Lytx Driver Safety Program products that utilize 4G LTE technology.

70.     By doing so, Waste Connections has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '848 Patent.  *See* Exhibit 6.

71.     Waste Connections' Lytx DriveCam Event Recorder is an exemplary accused product.

72.     Waste Connections directly infringed the '848 Patent when, for example, it and/or its agents used the accused products, including during testing of the accused products.  Waste Connections also directly infringed the '848 Patent when the accused products were used after purchase by a customer or end user.  For example, the accused products were built with hardware and/or software components that control the operation of the accused products.  These components caused the accused products to perform the steps of the claimed invention after, for example, receiving a current transmission that includes a predetermined bit pattern.  Waste Connections also directly infringed the '848 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business

17

partners (e.g., Lytx, certification/testing providers), and/or its customers and end-users.  Waste Connections contracted with, advised, and/or encouraged such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  Waste Connections conditioned these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving a current transmission that includes a predetermined bit pattern).

73.    Waste Connections has had knowledge of the '848 Patent at least as of the date when it was notified of the filing of this action.

74.    Interstate Patents has been damaged as a result of the infringing conduct by Waste Connections alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

75.    Interstate Patents has neither made nor sold unmarked articles that practice the '848 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '848 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT AND PERSONAL JURISDICTION

76.    Waste Connections has also indirectly infringed the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent by inducing others to directly infringe the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.

77.     Waste Connections has induced the end users and/or Waste Connections' customers to directly infringe (literally and/or under the doctrine of equivalents) the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent by using the accused products.

78.     Waste Connections took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent, including, for example, claim 14 of the '277 Patent, claim 53 of the '797 Patent, claim 1 of the '844 Patent, claim 1 of the '943 Patent, claim 1 of the '737 Patent, and claim 1 of the '848 Patent.

79.     Such steps by Waste Connections included, among other things, advising or directing customers, end users, and others (including distributors and equipment services entities) to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

80.     Waste Connections performed these steps, which constitute joint and/or induced infringement, with the knowledge of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent and with the knowledge that the induced acts constitute infringement.

81.     Waste Connections was and is aware that the normal and customary use of the accused products by Waste Connections' customers would infringe the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.  Waste

19

Connections' inducement is ongoing for the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, and the '737 Patent.

82.    Waste Connections has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) at least claim 14 of the '277 Patent, claim 53 of the '797 Patent, claim 1 of the '844 Patent, claim 1 of the '943 Patent, claim 1 of the '737 Patent, and claim 1 of the '848 Patent by importing, selling or offering to sell the accused products.

83.    Waste Connections has a significant role in placing the accused products in the stream of commerce with the expectation and knowledge that they will be purchased by consumers in Texas and elsewhere in the United States.

84.    Waste Connections purposefully directs or controls the making of accused products and their shipment to the United States, using established distribution channels, for sale in Texas and elsewhere within the United States.

85.    Waste Connections purposefully directs or controls the sale of the accused products into established United States distribution channels, including sales to nationwide retailers, wholesalers, distributors, manufacturers, and design laboratories (including, but not limited to,  Waste Connections' various affiliated and related companies).

86.    Waste Connections purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United States, and expects and intends that the accused products will be so sold.

87.    Waste Connections purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing

20

that the accused products will be sold in the United States, including Texas.  Therefore, Waste Connections also facilitates the sale of the accused products in Texas.

88.     Waste Connections took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes claim 14 of the '277 Patent, claim 53 of the '797 Patent, claim 1 of the '844 Patent, claim 1 of the '943 Patent, claim 1 of the '737 Patent, and claim 1 of the '848 Patent.

89.     Such steps by Waste Connections included, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to import, sell, or offer to sell the accused products in an infringing manner.

90.     Waste Connections performed these steps, which constitute induced infringement, with the knowledge of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent, and with the knowledge that the induced acts would constitute infringement.

91.     Waste Connections performed such steps in order to profit from the eventual sale of the accused products in the United States.

92.     Waste Connections' inducement is ongoing.

93.     Waste Connections has also indirectly infringed by contributing to the infringement of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.  Waste Connections has contributed to the direct infringement of the

21

'277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent by the end user of the accused products.

94.     The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent, including, for example, claim 14 of the '277 Patent, claim 53 of the '797 Patent, claim 1 of the '844 Patent, claim 1 of the '943 Patent, claim 1 of the '737 Patent, and claim 1 of the '848 Patent.

95.     The special features include, for example, hardware and/or software components especially adapted for scheduling information with regard to the use of relative grants, identifying individualized content, determining a safety rating of the vehicle operation, uploading images, analyzing and searching digital image data, and/or providing a current transmission with a bit pattern, used in a manner that infringes the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.

96.     These special features constitute a material part of the invention of one or more of the claims of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

97.     Waste Connections' contributory infringement is ongoing.

98.     Waste Connections has had actual knowledge of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent at least as of the date when it was notified of the filing of this action.  Since at least that time, Waste Connections has known the scope of the claims of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the

22

'737 Patent, and the '848 Patent, the products that practice the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent, and that Interstate Patents is the owner of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.

99.    By the time of trial, Waste Connections will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, and the '737 Patent.

100.    Furthermore, Waste Connections has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Interstate Patents' patent rights. *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

101.    Waste Connections' customers have infringed the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent.  Waste Connections encouraged its customers' infringement.

102.    Waste Connections' direct and indirect infringement of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Interstate Patents' rights under the patents-in-suit.

103.    Interstate Patents has been damaged as a result of Waste Connections' infringing conduct alleged above.  Thus, Waste Connections is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

Interstate Patents hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

Interstate Patents requests that the Court find in its favor and against Waste Connections, and that the Court grant Interstate Patents the following relief:

a.      Judgment that one or more claims of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, the '737 Patent, and the '848 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Waste Connections and/or all others acting in concert therewith;

b.      A permanent injunction enjoining Waste Connections and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringing the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, and the '737 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '277 Patent, the '797 Patent, the '844 Patent, the '943 Patent, and the '737 Patent by such entities;

c.      Judgment that Waste Connections account for and pay to Interstate Patents all damages to and costs incurred by Interstate Patents because of Waste Connections' infringing activities and other conduct complained of herein, including an award of all increased damages to which Interstate Patents is entitled under 35 U.S.C. § 284;

d.      That Interstate Patents be granted pre-judgment and post-judgment interest on the damages caused by Waste Connections' infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Interstate Patents its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

24

25

  f.  That Interstate Patents be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 16, 2026

Respectfully submitted,

*/s/ Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com
Hannah D. Price
Texas Bar No. 24116921
hannah@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for Interstate Patents, LLC*